IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| SENSORMATIC ELECTRONICS CORP. | § | |
| Vs. | § | CIVIL ACTION NO. 2:04-CV-167 |
| WG SECURITY PRODUCTS, INC., ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff's motion to strike invalidity contentions (#90) is granted in part and denied in part. The renewed motion to strike (#133) is denied as moot.

**1.      Factual Background and Procedural Posture.**

In this case, the plaintiff sued the defendants for infringement of three United States patents. The technology at issue is electronic article surveillance systems. At issue is the motion to strike invalidity contentions relating to two of those patents, the '378 patent and the '490 patent.

This court's patent rules required the defendants to provide their preliminary invalidity contentions on February 27, 2005. The defendants did not serve any invalidity contentions until March 7, 2005. Even then, the defendants only made one invalidity contention–that being an "on sale" bar claim relating to the '490 patent. The basis for that contention was a prior sale, in 1999, of an earlier version of the accused product. The only document produced to support that contention was an invoice purporting to corroborate the sale.

The case was originally set for trial on January 3, 2006. On November 22, 2005, the court issued its claim construction ruling and, thereafter, continued the case to the June 2006 docket. On

December 7, 2005, the defendants served two summary judgment motions, asserting invalidity of two of the patents. The filing of these motions gave rise to the present dispute.

The first motion for summary judgment maintained that the '378 patent was invalid for obviousness ("'378 MSJ"). In contrast to the invalidity contentions (or lack thereof), the '378 MSJ alleged that various combinations of U.S. patents invalidated all of the asserted claims of the '378 patent. Although the defendants had previously identified and produced some of these patents, the defendants supplied no claim charts to demonstrate which combination of references gave rise to their obviousness arguments.

The second motion for summary judgment contended that the '490 patent was invalid due to the on-sale bar ("'490 MSJ"). Although the preliminary invalidity contentions alluded to this defense and provided some details, the '490 MSJ was supported with documents and supporting evidence that had never been produced. In particular, attached to the motion was a version of the source code alleged to have been incorporated into the system giving rise to the invalidating sale. The '490 MSJ also contained documents that supported the invoice submitted in connection with the defendants' invalidity contentions as well as a letter corroborating the prior sale. None of this documentation was produced before the filing of the '490 MSJ.

The court denied the '378 MSJ. (*See* Dkt. #97). The '490 MSJ remains pending. In response to the '490 patent, the plaintiff filed a Rule 56(f) motion seeking additional time to respond. In addition, the plaintiff filed the present motion to strike the invalidity contentions and supporting evidence. More recently, the plaintiff filed a renewed motion to strike the prior art references on the grounds that the defendants have not allowed the plaintiff to take discovery on certain issues relating to the '490 MSJ.

**2.      Discussion.**

   **A.      '378 patent.**

The court assumes, *arguendo*, that the '378 MSJ constitutes some type of invalidity contention in accordance with the court's local patent rules. Having said that, these contentions were untimely. The record reflects that the defendants made no invalidity contentions related to the '378 patent in their preliminary invalidity contentions filed in March 2005. Although the rules provide that a party defending against a claim of patent infringement may serve *final* invalidity contentions in response to the service of final infringement contentions or when the court's claim construction order provides a reason for doing so, there is nothing in the rules that allows a defendant to ignore the rule requiring preliminary contentions in the hopes of delaying disclosure of its case until late in the schedule. The rules demand that a defendant make a good faith effort to put forth its invalidity contentions early on in the case. As such, the court finds that the defendants failed to comply with their obligations to serve preliminary invalidity contentions disclosing the details of the invalidity position outlined in the '378 MSJ. The court rejects the defendants' position that they could wait until after the court's claim construction to provide even preliminary details of their arguments with respect to invalidity.

Notwithstanding this failure, this court attempts to try cases on their merit, rather than on procedural grounds. This effort serves as a counterweight to a rule that excludes, automatically, any proof from the trial of a case solely on the grounds that a litigant failed to comply with the court's rules. It is true, as the plaintiff contends, that trial was originally set only weeks after the defendants filed their '378 MSJ. Nevertheless, the court continued the case until June 2006, and the plaintiff has had ample notice of the grounds for invalidity raised in the '378 MSJ. The court's review of the

'378 MSJ reveals that it provides fair notice of the invalidity contentions set forth therein, and the plaintiff has not been prejudiced given the new trial setting. The motion to strike is denied with respect to the invalidity arguments made in the '378 MSJ.

### B. '490 patent.

The court reaches a different conclusion with respect to the '490 MSJ. In what has become a familiar refrain, the defendants delayed disclosure of the source code and various other documents relating to the prior sale until the filing of the '490 MSJ. These documents relate directly to a system sold by the defendants and the documents, particularly the source code, appear to have been in the possession or control of the defendants for an extended period of time before the filing of the '490 MSJ. Given that the documents and the invalidity contention implicate an earlier version of source code, the failure to timely produce this information has prejudiced the plaintiff's ability to conduct discovery. Source code issues require a party to take extensive discovery (both fact and expert). Contrary to the defendants' arguments, the record reflects that the plaintiff sought this information through written requests and deposition testimony. The court's patent rules and discovery order specifically required the timely production of this information, and the defendants withheld it until the filing of the '490 MSJ. The defendants have not demonstrated that they have cured the prejudice caused by their late production of this material. As such, the court strikes the invalidity arguments raised in the '490 MSJ.

### 3. Conclusion.

The court grants in part and denies in part the motion to strike invalidity contentions (#90). The court denies as moot the renewed motion to strike invalidity contentions (#133).

SIGNED this  5th  day of May, 2006.

                                          _____
                                        T. JOHN WARD
                                        UNITED STATES DISTRICT JUDGE