IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| SENSORMATIC ELECTRONICS CORP. | § | |
| Vs. | § | CIVIL ACTION NO. 2:04-CV-167 |
| WG SECURITY PRODUCTS, INC., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Before the Court is Defendants WG Security Products, Inc. and EAS Sensorsense, Inc.'s (collectively "the Defendants") Motion to Compel Certain Testimony of Thomas J. Frederick (hereinafter "Frederick") (#87).  Frederick is the sole inventor of United States Patent No. 6,700,490 (hereinafter "the '490 patent"), one of the patents Plaintiff Sensormatic Electronics Corporation (hereinafter "Sensormatic") claims the Defendants infringe.  Based upon the Court's analysis of the parties' briefs and applicable rules and case law, the Court DENIES the Defendants' Motion.

**II.    Facts**

While in the employment of Sensormatic, Frederick applied for and was granted the '490 patent.  After the granting of the '490 patent, Frederick assigned his rights and interest in it to Sensormatic.  Sensormatic filed the present lawsuit in April, 2004, and in May, 2005, Frederick left employment at Sensormatic.  After Frederick left the company, Sensormatic's counsel, Fish & Richardson, retained Frederick as a non-testifying expert consultant to assist Fish &

Richardson in preparing the present case for trial. As part of his duties as a non-testifying expert, Frederick analyzed the Defendants' source code and compared it to the claims in the '490 patent. Prior to his employment as a non-testifying expert, Frederick had never seen a copy of the Defendants' source code.

Despite Frederick's status of a non-testifying expert consultant, Sensormatic designated Frederick as its Fed. R. Civ. P. 30(b)(6) representative on two topics: (1) the development of the invention claimed in the '490 patent, and (2) Sensormatic products that embody the patented technology. During Frederick's Rule 30(b)(6) deposition, Sensormatic's counsel permitted the Defendants' counsel to question Frederick broadly on any factual matter occurring prior to Frederick's retention as a non-testifying expert consultant. However, the Defendants' counsel also asked Frederick to analyze "source code from a hypothetical EAS system" to determine if there was a quadrature matched filter bank in the code.[1] Sensormatic's counsel asked the Defendants' counsel if he was representing that the "hypothetical" source code was not the Defendants' source code, but the Defendants' counsel refused to make any representations except that it was source code. Sensormatic's counsel then refused to allow Frederick to analyze the "hypothetical" source code. Defendants' Motion to Compel Certain Testimony of Thomas J. Frederick, Attachment No. 3 (Deposition of Thomas J. Frederick, pp. 146:8-148:14). After the deposition, it became apparent that the source code presented to Frederick for analysis was in fact the Defendants' actual Monoguard source code.[2]

---

[1] Whether there is a quadrature matched filter bank in the Defendants' source code is an issue in the present case.

[2] The "hypothetical" source code the Defendants asked Frederick to analyze was attached to Frederick's deposition as Exhibit 82. In the Defendants' Motion for Partial Summary

The Defendants move this Court to order Frederick to conduct the requested analysis and to answer questions about the application of the source code provided to the filtering process of the '490 patent. Sensormatic opposes the Defendants' motion and argues that while Frederick is a fact witness regarding his involvement with the '490 patent, any conclusions Frederick made regarding the Defendants' source code occurred after Fish & Richardson employed Frederick as a non-testifying expert consultant. Therefore, according to Sensormatic, Frederick's conclusions regarding the Defendants' source code are protected by the work-product doctrine.

### III. Discussion

Fed. R. Civ. P. 26(b)(4)(B) states:

(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(4) Trial Preparation: Experts.

(B) A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

"Rule 26(b)(4)(B) is designed to protect an expert's facts or opinions gained in the course of litigation assistance. The Rule does not protect facts or opinions of expert employees developed while conducting business activities related to matters in issue, but before being specially employed." *In re Shell Oil Refinery*, 134 F.R.D. 148, 150 (E.D. La. 1990). However, "one may simultaneously be a litigation expert with Rule 26(b)(4) protection as to some matters and simply

---

Judgment Due to Invalidity of U.S. Patent 6,700,490 B2 Due to 35 U.S.C. § 102(b)–"On-Sale" Bar, the Defendants represented on page six that Exhibit 82 of Frederick's deposition was the Monoguard source code at issue in the present case.

an unprotected actor or witness as to others, . . . ." *Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 992 (D.C. Cir. 1979).

In the present case, the Defendants asked Frederick to analyze the Defendants' source code. As previously mentioned, Frederick never saw, read, or analyzed the Defendants' source code before Fish & Richardson hired him as a non-testifying consulting expert. While Frederick is a fact witness regarding his activities at Sensormatic and the invention of the '490 patent, he is a non-testifying expert regarding his opinions of the Defendants' source code because he gained such information and opinion after being employed as a consulting expert. Therefore, Frederick's opinions as to the presence of a quadrature matched filter bank in the Defendants' source code are privileged.

Rule 26(b)(4)(B) allows depositions of non-testifying consulting experts if there is a "showing of exceptional circumstances." However, the Defendants have not made an adequate showing of exceptional circumstances that would justify deposing Frederick on this topic. The Defendants are not without recourse. They are free to hire their own experts to review their source code and may call such fact witnesses deemed necessary to support their defenses. What they may not do is compel the opinions of the Plaintiff's consultant. "[T]he entire thrust of [rule 26(b)(4)(B)] is to prevent one party from utilizing the services of the opponent's experts by means of a deposition." *Rocky Mountain Natural Gas Co. v. Cooper Indus., Inc.*, 166 F.R.D. 481, 482 (D. Colo. 1996)(quoting *Barkwell v. Sturm Ruger Co.*, 79 F.R.D. 444, 446 (D. Ala. 1978)).

**IV.   Conclusion**

Based on the above analysis, the Court DENIES the Defendants' Motion to Compel

Certain Testimony of Thomas J. Frederick (#87).

SIGNED this 11th day of May, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE