IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SENSORMATIC ELECTRONICS CORPORATION<br><br>    Plaintiff,<br><br>    v.<br><br>WG SECURITY PRODUCTS, INC.<br>    and<br>EAS SENSORSENSE, INC.,<br><br>    Defendants. | Civil Case No. 2-04-CV-167<br><br>JURY DEMANDED |

**SENSORMATIC'S MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO
<u>ANY TYCO PARENT COMPANY</u>**

The plaintiff, Sensormatic Electronics Corporation ("Sensormatic"), hereby moves in limine for an order precluding the defendants, WG Security Products, Inc. and EAS Sensorsense, Inc. (collectively "WG"), from: (1) making any reference to, and/or (2) introducing any exhibits or testimony relating to, Tyco International Ltd. and/or any other Tyco company. In particular, Sensormatic seeks an order to preclude any testimony, evidence or attorney argument or comment relating to the previous corporate scandal associated with former Tyco International, and/or its CEO Dennis Kozlowski and his associates and/or the criminal cases against them. WG has specifically identified exhibits of this nature on its "exhibit list,"[1] which it described as "Documents regarding Tyco -- SEC filings, commercial news reports and publications provided to counsel on

---

[1] WG's submission of May 5, 2006 can hardly be called an exhibit list. Not one document or thing bears a trial exhibit number, and many of the materials are only listed under broad categories (*e.g.,* "Product literature and source code for the Euro, as produced by the Defendants").

October 26, 2005." A copy of these documents (as best identified by Sensormatic based upon Defendants' exhibit list) is attached as Exhibit A.

## FACTUAL BACKGROUND

Sensormatic is indirectly owned by Tyco International Ltd., which also owns a large number of companies in the diverse fields of electronics, fire and security, healthcare, plastics and adhesives, and engineered products. The current suit, however, only involves Sensormatic and not any of its parent companies. In fact, none of the issues in this case relate to any of Sensormatic's parent companies, and WG has not sought to add any of Sensormatic's parent companies to this case for any reason. Accordingly, there is no relevance as to the fact that Sensormatic is owned indirectly by any third party, including Tyco International.

However, on October 26, 2005, two days after the close of fact discovery, WG produced a collection of materials, all of which relate to the well publicized charges made over the past few years against certain former executives of Tyco International, including against its former CEO, Dennis Kozlowski, and some of his corporate associates (Exhibit A hereto). None of the allegations in those cases (or anything whatsoever in these documents) had anything to do with Sensormatic or the issues here. This same collection of documents now appears on what WG calls its trial exhibit list. Reference to these documents or the events they describe may invoke a negative response in the jury, which can be WG's only intent here.[2] Obviously concerned about the merits of its actual defenses, WG's only possible purpose for such material is to try to unfairly taint Sensormatic as a wrongdoer. Accordingly, any reference to these materials or events will cause unfair prejudice to Sensormatic and should be excluded. *See* Fed. R. Evid. 402, 403.

---

[2] WG has alleged that the actions of a Sensormatic's sister company, ADT, supports its counterclaim. Sensormatic has moved for summary judgment on the counterclaim. If Sensormatic's motion is granted, any reference to ADT at trial may be moot. However, with this motion, Sensormatic, does not seek to preclude any mention of ADT at trial.

Accordingly, this Court should exclude at trial:

1) all documents, including all the Tyco documents, produced by WG on October 26, 2005;

2) all testimony and attorney argument/comment which reference any of Sensormatic's parent companies, Dennis Kozlowski or any previous corporate problems; and

3) to the extent the word "Tyco" appears on a written document or correspondence or is mentioned by a witness, it should not be construed as "opening the door" to allow WG to use its proposed trial exhibits or introduce testimony, argument or comment about them or their substance under threat of mistrial and/or sanctions.

Dated:  May 19, 2006                          Respectfully submitted,

By:  /s/ Andrew R. Kopsidas
Otis W. Carroll
Texas State Bar No. 03895700
Wesley Hill
Texas Bar No. 24032294

IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
(903) 561-1600 (Telephone)
(903) 581-1071 (Facsimile)
Fedserve@icklaw.com

Thomas B. Walsh, IV
txw@fr.com
Attorney-in-Charge
Texas Bar No. 00785173

FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

John M. Skenyon
jms@fr.com
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
(617) 542-5070 (Telephone)
(617) 542-8906 (Facsimile)

Andrew R. Kopsidas
ark@fr.com
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
(202) 783-5070 (Telephone)
(202) 783-2331 (Facsimile)

ATTORNEYS FOR PLAINTIFF
SENSORMATIC ELECTRONICS
CORPORATION

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on May 19, 2006.  Therefore, this document was served on all counsel who are deemed to have consented to electronic service:

Robert R. Waters
Waters Law Office, PLLC
10503 Timberwood Circle, Suite 116
Louisville, KY 40223

Sim Israeloff
William D. Cobb, Jr.
Cowles & Thompson, P.C.
901 Main Street, Suite 4000
Dallas, Texas 75202

                     /s/  Andrew R. Kopsidas